NO. 12-01-00098-CR


IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 LLOYD ROBERT WALKER, § APPEAL FROM THE

APPELLANT



 § COUNTY COURT AT LAW OF 



THE STATE OF TEXAS,

APPELLEE § HOUSTON COUNTY, TEXAS







PER CURIAM

 Lloyd Robert Walker ("Appellant") appeals his conviction for driving without a driver's
license, for which he was fined one hundred dollars and required to pay court costs. (1) Appellant
raises two issues on appeal. We affirm.


Background

 Appellant first applied for and received a Texas Driver's License in May 1973. 
Subsequently, Appellant successfully renewed his license several times. Appellant's license expired
in August 1997. Appellant did not successfully renew his driver's license following its expiration. (2) 
While driving with his family on the evening of May 15, 2000 in Houston County, Texas, Appellant
was stopped by an officer for the Texas Department of Public Safety ("D.P.S.") because one of his
headlights was not functioning. When the officer asked to see Appellant's driver's license,
Appellant could not produce it. The officer attempted to locate driver's license information for
Appellant using his name and date of birth, but was unsuccessful. To further facilitate the search,
the officer asked for Appellant's social security number, but Appellant refused to provide it. 
Appellant was placed under arrest for driving without a driver's license. (3)

 On September 26, 2000, Appellant pleaded not guilty to the charge and proceeded to trial
before a jury in the Justice Court of Houston County, Texas, Precinct Two. The jury found
Appellant guilty and assessed Appellant's punishment at a fine of one hundred dollars plus court
costs. Appellant appealed the jury's decision to the County Court at Law for Houston County,
Texas, pleaded not guilty and proceeded to trial by jury de novo on February 16, 2001. Once again,
the jury found Appellant guilty, and assessed his punishment at a fine of one hundred dollars and
court costs, which by this time, exceeded two hundred dollars. Appellant now appeals the decision
of the county court at law, raising contentions of evidentiary sufficiency and charge error.


Legal Sufficiency

 Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d
1, 6 (Tex. App.- San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).

 In the case at hand, Appellant was charged with driving without a driver's license. The Texas
Transportation Code provides that a person required to hold a license shall have in the person's
possession while operating a motor vehicle the class of driver's license appropriate for the type of
vehicle operated, and display the license on the demand of a peace officer. See Tex. Transp. Code
Ann. § 521.025(a)(1) and (2) (Vernon 1999). This section further provides that a person who
violates this section commits an offense punishable by a fine not to exceed $200. Id. at (c). In the
instant case, Appellant was required to have a license to drive his vehicle. See Tex. Transp. Code
Ann. § 521.021 (Vernon 1999). Moreover, the record reflects that Appellant is not exempt from this
requirement. See Tex. Transp. Code. Ann. § 521.027 (Vernon 1999). The State offered the
testimony of Officer Randy Johnson, the arresting officer, who testified that Appellant failed to
display his driver's license as Officer Johnson requested. The State further offered the testimony of
the custodian of records for the D.P.S., Larry Dittfurth. Mr. Dittfurth testified that Appellant's
driver's license expired in August 1997. Mr. Dittfurth further testified that Appellant's driver's
license was not renewed and was assigned to another driver in August 2000. A document purporting
to be a license is no longer a license if it is expired. See Tex. Transp. Code Ann. § 521.001,
revisor's note (4) (Vernon 1999). We hold that there was legally sufficient evidence to support the
jury's finding of guilt against Appellant for the offense of driving without a driver's license.


Factual Sufficiency

 Turning to the factual sufficiency review process, we first assume that the evidence is legally
sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996). We then consider all of the evidence in the record related to Appellant's sufficiency
challenge, not just the evidence which supports the verdict. Id. We review the evidence weighed
by the jury which tends to prove the existence of the fact in dispute, and compare it to the evidence
which tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We may disagree with the jury's determination, even if probative evidence exists which
supports the verdict. See Clewis, 922 S.W.2d at 133. However, our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. See Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict
on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d 88, 96
(Tex. App.- El Paso 1996, pet. ref'd). We will reverse only when the verdict is against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust. See Clewis, 922
S.W.2d at 134.

 In the instant case, our review of the record indicates that Appellant has raised little, if any,
evidence to contradict the evidence required to convict Appellant of the offense of driving without
a license. Appellant argues that Mr. Dittfurth was relying on incomplete records from the D.P.S. to
formulate his testimony. However, even assuming that Mr. Dittfurth did have an incomplete file,
it does not contradict his testimony that Appellant's license had expired, and because it was not
renewed by the D.P.S., his license number was assigned to another driver. Appellant's argument
focuses heavily on the contention that Appellant had, in 1997, applied to renew his license by mail,
but that the D.P.S. failed to renew it. Even assuming Appellant's assertion as true, the fact remains
that Appellant's license had not been renewed, yet Appellant chose to operate a vehicle on May 15,
2000 anyway. 

 Further, Appellant argues that the D.P.S.'s request for Appellant's social security number in
its application for renewal violates Section 7 of the Privacy Act of 1974. (4) However, Appellant's
argument is simply not relevant to the offense for which Appellant was convicted. Appellant has
cited no authority, and we are aware of none, that supports the proposition that it is permissible under
the law for Appellant to drive with an expired license based on a dispute with the D.P.S. regarding
whether it could require Appellant to disclose his social security number. (5) Even if Appellant's
assertion is correct, it does not change the fact that on May 16, 2000, Appellant was operating a
motor vehicle with an expired driver's license. It is a well settled principle that a license or permit
to drive an automobile on the public highways and streets is a privilege and not a property right. See
Gillaspie v. Department of Public Safety, 259 S.W.2d 177, 182 (Tex. 1953). Our review of the
record has uncovered no great weight of evidence to cause us to conclude that the trial court's verdict
is clearly wrong and unjust. See Clewis, 922 S.W.2d at 134. Therefore, we hold that the evidence
in this case was factually sufficient. Appellant's first issue is overruled.


Charge Error

 Appellant next argues that the trial judge erred by refusing to include an instruction relating
to Section 7 of the Privacy Act of 1974 in the court's charge. Specifically, Appellant requested that
the following instruction be included in the court's charge:


 In your deliberations, you may consider the fact that every person or Citizen of the United States has
a fundamental right of privacy which is recognized by the Privacy Act of 1974 and the fact that under
that Act no federal or state agency may deny any citizen of a right or privilege because said citizen
refused or declined to provide his or her Social Security number for identification purposes.


 Citing Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999), and analogizing the
requested instruction in the instant case to an instruction of self-defense in a murder trial, Appellant
argues that "an accused has the right to an instruction on any defensive issue raised by the evidence,
whether that evidence is weak or strong, unimpeached or contradicted, and regardless of what the
trial court may or may not think about the credibility of the evidence." We iterate that Appellant has
cited no authority, and we are aware of none, that supports the proposition that it is permissible under
the law for Appellant to drive with an expired license based on a dispute with the D.P.S. regarding
whether it could require Appellant to disclose his social security number. At the charge conference,
the trial judge asked Appellant's counsel if the instruction in question was being requested as a
defensive issue. Appellant's counsel responded, "I'm not asking you to tell [the jury] if they believe
that - that he had this right, they should acquit. I'm just saying they should be able to consider [it]." 
We conclude that Appellant's requested instruction did not raise a defense under Texas law to the
offense of driving without a driver's license. Appellant's requested instruction is therefore
distinguishable from Granger on that basis and was properly refused.

 Further, even if Appellant's instruction did constitute a lawful defense, Appellant has
presented no evidence that the D.P.S. denied his application for renewal based on his failure to
provide his social security number. Appellant's testimony that he received absolutely no explanation
from the D.P.S. why he did not receive a renewed license emphasizes the absence of evidence on this
point. Thus, even if Appellant's requested instruction did raise a defensive issue, it was not
supported by the evidence. We hold that the trial judge committed no error in refusing to submit
Appellant's instruction. Appellant's second issue is overruled.

 Accordingly, we affirm the judgment of the trial court. 


Opinion delivered February 20, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.











(DO NOT PUBLISH)
1. Appellant was arrested and detained at the time of the offense after the officer was unable to verify that
Appellant had a driver's license. A credit of one hundred dollars was applied to Appellant's fine for the time of
Appellant's detention.
2. In August 2000, Appellant's expired driver's license number was reissued to another individual.
3. See Tex. Transp. Code Ann. § 521.025(c) (Vernon 1999).
4. See generally Public Law 93-579.
5. It is an affirmative defense to prosecution for driving without a license if the person charged produces in
court a driver's license issued to that person, appropriate for the type of vehicle operated and valid at the time of the
arrest for the offense. See Tex. Transp. Code Ann. § 521.025(d) (Vernon 1999). Moreover, a judge may dismiss a
charge of driving with an expired license if the defendant remedies this defect within 10 working days. See Tex.
Transp. Code. Ann. § 521.026(a) (Vernon 1999). The record is devoid of any indication that Appellant complied
with either of these sections, and Appellant makes no argument in this regard.